T.C. Memo. 1997-111

UNITED STATES TAX COURT

ROBIN ADAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17817-94.                          Filed March 4, 1997.

Robin Adams, pro se.

<u>Ann M. Murphy</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined deficiencies in petitioner's 1990 and 1991 Federal income taxes in the respective amounts of $3,529 and $3,694.

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are: (1) Whether petitioner has substantiated the payment of expenses related to his jewelry design activity for 1990 and 1991; and (2) if so, whether petitioner was engaged in this activity for profit during those years.

Some of the facts have been stipulated and are so found. The stipulations and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Portland, Oregon, at the time his petition was filed.

Petitioner had training in mineral recognition and completed courses in lapidary and jewelry mounting. In 1982, petitioner began designing, making, and selling jewelry (referred to herein as petitioner's jewelry design activity). Petitioner also performed jewelry services such as mountings and repairs. Petitioner carried on this activity under the name Adams Design Jewelry which he registered with the town of Beaverton, Oregon, in April 1984. Petitioner conducted this activity in his home until the summer of 1988, at which time he rented a shop located at 625 Southwest Washington Street in downtown Portland, Oregon. Petitioner leased the property on a month-to-month basis.

Near the end of 1989, petitioner decided that he should abandon the shop location because it was not successful.

---

[2] Petitioner has conceded adjustments to his 1990 taxable income in the amount of $1,615. Petitioner has paid the amount of the deficiency attributable thereto.

Petitioner vacated the shop premises in March 1990. Petitioner removed fixtures from the shop including six jewelry cases. Petitioner retained one of the cases for use in his activity at home and placed the other five in storage in his home. Petitioner's jewelry design activity generated gross receipts of $637 in 1990. Petitioner's customers were past customers or friends of friends.

In 1990, petitioner was employed full time as a technical writer by Tektronics during part of 1990 and by Mitron Corporation for a portion of 1990 and for all of 1991.

In 1990, petitioner decided to engage in a second activity, and he began to create correspondence courses. In the first year, petitioner offered two basic jewelry making classes and two basic technical writing classes. Petitioner's correspondence school activity generated gross receipts of $320.

In 1991, petitioner placed two or three advertisements in the Oregonian newspaper, but otherwise he did not actively solicit sales of jewelry in 1991. During the year, petitioner had gross receipts for this activity of $528 from three jewelry mountings. In that same year, petitioner's correspondence school activity generated gross receipts of $480.

Petitioner's record of the expenses that he paid in connection with his jewelry design activity is in the form of a bookkeeping notebook. The book contains an expense log by month. For each month, entries are posted on one side of the page

reflecting information such as payee names and amounts paid. The adjacent or facing page reflects totals by expense category such as electricity, telephone, shop expenses, rent, and office expenses. Petitioner then applied percentages to certain expenses such as electricity, heat, insurance, and telephone because the amounts paid reflected the total usage for his household including personal use. Petitioner claimed deductions for business expenses at a rate of approximately 50 percent of the amounts paid for utilities for the house. The yearend total page includes expenses which are not recorded on the monthly logs. For example, rent expense is shown as 40 percent of petitioner's total house payments of $11,400, or $4,560 for 1990, but no rent expense is shown for any particular month during that year. Petitioner estimated certain expenses such as fuel expense, which he approximated as $100 per month.

During 1990, petitioner traveled to Hawaii. Petitioner claimed a portion of the expenses from this trip as business related. Petitioner traveled to Antwerp sometime in 1991 to tour a diamond cutting facility, and petitioner claimed expenses from this trip as a business deduction. Petitioner provided no records of these expenses.

Petitioner and his former wife filed joint Federal income tax returns for 1990 and 1991 and reported combined total wages in the respective amounts of $38,253 and $47,310. Petitioner also reported pension and annuity distributions from Tektronics

in the amounts of $6,123 and $3,098 for 1990 and 1991, respectively.  On the Schedules C attached to his 1990 and 1991 returns, petitioner claimed the following deductions with respect to his jewelry design activity:

| Expense | 1990 | 1991 |
|---------|------|------|
| Advertising | $113 | $67 |
| Car and truck expenses | 1,401 | 1,454 |
| Insurance | 446 | 427 |
| Office expense | 5,202 | 4,820 |
| Rent or lease | | |
|    Other business property | 4,560 | 4,572 |
| Supplies | 480 | 720 |
| Taxes and licenses | 24 | 24 |
| Travel, meals, and entertainment | | |
|    Travel | 679 | 3,477 |
|    Meals and entertainment | 327 | 843 |
| Utilities | 1,228 | 1,416 |
| Other expenses | | |
|    Contributions | 24 | -0- |
|    Shop expenses | 7,850 | 3,957 |
|    Misc. expenses | 960 | 1,200 |
| Total | $23,294 | $22,977 |

Petitioner reported gross receipts from his jewelry design activity of $637 and $528 in 1990 and 1991, respectively. Petitioner did not report any income with respect to his correspondence school activity.

In the notice of deficiency, respondent determined that petitioner's jewelry design activity was not a trade or business or an activity for the production of income.  In the alternative, respondent determined that petitioner failed to substantiate his claimed expenses and failed to establish that any such amounts were ordinary and necessary.  Further, respondent determined that any amounts constituting start-up expenses were to be amortized over 60 months starting in the month the activity opened for business.

Petitioner contends that he carried on his jewelry design activity for profit in 1990 and 1991, and thus was entitled to deduct expenses incurred in carrying on this activity as a business. Although it is not clear from the record, we do not believe that petitioner contends that he carried on his correspondence school activity for profit; rather he contends that it was in the development stage in 1990 and 1991. Further, petitioner testified that he did not claim any expenses related to this activity on his 1990 and 1991 returns, except to the extent that the expense was part of the overhead for his jewelry design activity as well. Therefore, although petitioner testified at length concerning the correspondence school activity, we shall confine our discussion to petitioner's jewelry design activity.

Deductions are a matter of legislative grace, and petitioner has the burden of establishing that he is entitled to any deductions claimed on his return. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must maintain adequate records to substantiate the amount of any deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 162 allows deductions for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 212 allows deductions for ordinary and necessary expenses paid or incurred in the production of income. Section 183 generally limits allowable deductions to the extent of gross

income generated by "an activity not engaged in for profit". Sec. 183(b). An activity not engaged in for profit is one for which deductions are not allowable under section 162 or section 212(1) or (2). Sec. 183(c).

Generally, when evidence shows that petitioner incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, there must be sufficient evidence from which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Further, section 274(d) prohibits the estimation of expenses for travel or deductions with respect to certain property; thus, the Cohan rule does not apply to these types of expenses. Listed property includes automobiles. Sec. 280F(d)(4).

Petitioner offered no records to substantiate his travel or automobile expense aside from the expense log. The expense log does not meet the substantiation requirements of section 274 because it does not show the date, place, or business purpose of these expenses or business uses. Sec. 274(d).

Moreover, petitioner has failed to establish that he incurred any expenses as claimed. Petitioner's testimony was vague and was not consistent with his expense log. For example, petitioner testified that his rent expense in 1990 included rent on his downtown shop of approximately $650 per month. The expense log shows no such expense. According to petitioner's

log, rent expense for the entire year was calculated as 40 percent of $11,400. Petitioner testified that this figure corresponded to his mortgage payments for the year. Petitioner offered no support for this percentage. Further, petitioner testified that he did not move his shop until the end of March 1990; thus, this allocation of his annual mortgage payments would be inconsistent. Petitioner also testified that he paid two women to work at his shop and that their salaries were included in shop expenses. However, the expense log does not list any payees supporting petitioner's testimony.

We believe that petitioner incurred some expense in carrying on his jewelry design activity during the years in issue. However, on this record, we are unable to determine or estimate the amount of such expense. Accordingly, petitioner has not established that he is entitled to the deductions claimed.

Because petitioner has not shown he is entitled any deductions in connection with his jewelry design activity for the years in issue, we need not address the issue of whether petitioner was engaged in such activity for profit.

To reflect the foregoing,

Decision will be entered

for respondent.